# EXHIBIT A



# Notice of Service of Process

**NJH / ALL**
**Transmittal Number: 17083662**
**Date Processed: 08/30/2017**

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>P.O. Box 81226<br>Seattle, WA 98108-1226 |
| **Electronic copy provided to:** | Rochelle Lewis<br>Lizette Fernandez<br>Annamaria Taskai<br>Tammy Malley-Naslund<br>Jesse Jensen<br>Theresa Nixon<br>Elizabeth Hernandez<br>Gianmarco Vairo<br>Maria Catana<br>Scotty Bauder<br>Karen Curtis<br>Joell Parks<br>Dung Phan<br>Katie Loughnane |

| | |
|---|---|
| **Entity:** | Golden State Fc LLC<br>Entity ID Number  3061847 |
| **Entity Served:** | Golden State FC, LLC |
| **Title of Action:** | Christopher Ward vs. Amazon |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Stanislaus County Superior Court, California |
| **Case/Reference No:** | 2026086 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/30/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | David Yeremian<br>818-230-8380 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

COPY

**SUM-100**

## SUMMONS — BY FAX
### *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

2017 AUG -1  P 2:41

CLERK ... SUPERIOR COURT
COUNTY OF STANISLAUS
BY  NATASHA RENTERIA
                                    DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON, a business entity of unknown form; GOLDEN STATE FC,
LLC, a Delaware limited liability company; and DOES 1 through 50,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTOPHER WARD and LINDA QUINTEROS, on behalf of
themselves and others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the Information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanislaus County Superior Court<br><br>800 11th Street, Modesto, CA 95354 | CASE NUMBER:<br>*(Número del Caso):*  2026086- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Yeremian, 535 N. Brand Blvd. Suite 705, Glendale, CA 91203  (818) 230-8380

| DATE:  AUG 0 1 2017 | Clerk, by  NATASHA RENTERIA | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Golden State FC, LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
      ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

David Yeremian (226337)
David Yeremian & Associates Inc.
535 N. Brand Blvd., Suite 705
Glendale, CA 91203
TELEPHONE NO.: (818) 230-8380   FAX NO.: (818) 230-0308
ATTORNEY FOR (Name): Plaintiffs, Christopher Ward and Linda Quinteros

**FILED**

2017 AUG -1 P 2: 40

CLERK ... SUPERIOR COURT
COUNTY OF STANISLAUS
BY
NATASHA RENTERIA
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus
STREET ADDRESS: 800 11th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: Main Courthouse

CITY TOWERS
CIVIL CLERK'S OFFICE
801 10TH STREET, 4TH FLOOR
MODESTO, CA 95354

CASE NAME:
Ward, et al. v. Amazon

CASE NUMBER:
2026086 -

| CIVIL CASE COVER SHEET | | Complex Case Designation | | JUDGE: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Seven (7)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 1, 2017
David Yeremian
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

Exhibit A - Page 4

COPY

FILED

2017 AUG -1  P 2: 41

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

BY NATASHA RENTERIA
DEPUTY

1   DAVID YEREMIAN & ASSOCIATES, INC.
    David Yeremian (SBN 226337)
2   david@yeremianlaw.com
    David Keledjian (SBN 309135)
3   davidk@yeremianlaw.com
    535 N. Brand Blvd., Suite 705
4   Glendale, California 91203
    Telephone: (818) 230-8380
5   Facsimile: (818) 230-0308

6   DAVTYAN PROFESSIONAL LAW CORPORATION
    Emil Davtyan (SBN 299363)
7   emil@davtyanlaw.com
    21900 Burbank Blvd., Suite 300
8   Woodland Hills, California 91367
    Telephone: (818) 992-2935
9   Facsimile: (818) 975-5525

10  Attorneys for Plaintiffs CHRISTOPHER WARD and LINDA QUINTEROS,
    on behalf of themselves and others similarly situated

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                   FOR THE COUNTY OF STANISLAUS

14  CHRISTOPHER WARD and LINDA           Case No.: 2 0 2 6 0 8 6 -
    QUINTEROS, on behalf of themselves and
15  others similarly situated,           CLASS ACTION COMPLAINT FOR:

16              Plaintiffs,              1.  Failure to Pay Split-Shift Premiums;
                                         2.  Failure to Pay Minimum Wages;
17              vs.                      3.  Failure to Pay Wages and Overtime
                                             Under Labor Code § 510;
18  AMAZON, a business entity of unknown 4.  Meal-Period Liability Under Labor
    form; GOLDEN STATE FC, LLC, a            Code § 226.7;
19  Delaware limited liability company; and 5. Violation of Labor Code § 226(a);
    DOES 1 through 50, inclusive,        6.  Penalties Pursuant to Labor Code § 203;
20                                           and
                Defendants.              7.  Violation of Business & Professions Code
21                                           § 17200 et seq.

22

23                                      **DEMAND FOR JURY TRIAL**

24

25

26

27

28

                                   - 1 -
                          CLASS ACTION COMPLAINT

BY FAX

This case has been assigned to Judge Timothy W. Salter for all purposes including Trial

Plaintiffs CHRISTOPHER WARD and LINDA QUINTEROS, (hereinafter and collectively "Plaintiffs") on behalf of themselves and all others similarly situated (collectively, "Employees"; individually, "Employee") complain of Defendants, and each of them, as follows:

## INTRODUCTION

1.     Plaintiffs brings this action on behalf of themselves and all current and former employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees by Defendants GOLDEN STATE FC, LLC, a Delaware limited liability company, AMAZON, a business entity of unknown form, and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants"). Plaintiffs allege that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and California Business & Professions Code, and seeks redress therefore.

2.     Plaintiffs are each residents of California and, during the time period relevant to this Complaint, were employed by Defendants as a non-exempt hourly employees within the State of California.

3.     Venue as to Defendants is proper in this judicial district pursuant to California Code of Civil Procedure § 395 et seq. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred in part in the County of Stanislaus.

4.     The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiffs are informed and believe and thereon allege that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

5.     Plaintiffs are informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried

- 2 -

1  out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of

2  each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in

3  all respects as the employers or joint employers of Employees. Defendants, and each of them,

4  exercised control over the wages, hours or working conditions of Employees, or suffered or

5  permitted Employees to work, or engaged, thereby creating a common law employment

6  relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly

7  employed Employees.

8  **FACTUAL BACKGROUND**

9      6.    From at least four (4) years prior to the filing of this lawsuit and continuing to the

10  present, Defendants had a consistent policy or practice of failing to pay Employees proper split-

11  shift premium pay. Specifically, Defendants required Employees to work split shifts – i.e., work

12  schedules interrupted by non-paid and non-working periods established by Defendants other than

13  bona fide meal or rest periods. However, Defendants failed to pay Employees an additional one

14  hour of pay at the minimum wage when they worked split shifts in violation of the applicable IWC

15  Wage Orders.

16      7.    From at least four (4) years prior to the filing of this lawsuit and continuing to the

17  present, Defendants had a consistent policy or practice of failing to pay Employees for all hours

18  worked, and failing to pay minimum wage for all time worked as required by California Law.

19  Specifically, Defendants implemented a timekeeping policy and practice for Employees which

20  rounded their clock-in and clock-out times in a manner that resulted in a loss of time worked by

21  Employees. As a result, Employees were consistently underpaid due to the rounding policy

22  implemented by Defendants, thus Employees were required to work hours without pay.

23  Defendants failed to pay Employees at least minimum wages for all the time they worked for

24  Defendants in violation of Labor Code and applicable IWC Wage Orders.

25      8.    From at least four (4) years prior to the filing of this lawsuit and continuing to the

26  present, Defendants had a consistent policy or practice of failing to pay Employees overtime

27  compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day

28  and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12)

hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders. Specifically, Employees consistently worked in excess of eight (8) hours a day, and/or forty (40) hours a week. As discussed above, Employees worked uncompensated hours by having their working time rounded down to reflect fewer hours than worked. These uncompensated hours were worked by Employees in excess of eight (8) hours a day and/or (40) hours a week, entitling Employees to overtime wages which they were never paid, in violation of Labor Code and applicable Wage Orders.

9.      From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Employees to work shifts in excess of five (5) hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes, and shifts in excess of ten (10) hours without providing them with second meal periods of not less than thirty minutes. Specifically, Employees were required to work through their meal periods which they were systematically denied; nor did Defendants pay Employees "premium pay," i.e. one hour of wages at each Employee's effective hourly rate of pay, for each meal period that Defendants failed to provide or deficiently provided.

10.     From at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to provide Employees with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws.

11.     From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have had a consistent policy of failing to pay all wages fur and owed to Employees at the time of their termination of within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws.

12.     In light of the foregoing, Employees bring this action pursuant to, inter alia, Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 558, 558.1, 1174, 1174.5, , 1194, 1194.2, 1197, and 1199; Title 8, Section 11050 of the California Code of Regulations; and applicable IWC Wage Orders.

13.     Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have

1  enjoyed from their violations of Labor Code.

2  **CLASS ALLEGATIONS**

3      14.    Plaintiffs brings this class action on behalf of themselves and all others similarly

4  situated pursuant to <u>Code of Civil Procedure § 382</u>. Plaintiffs seek to represent a class defined as

5  follows: all individuals employed by Defendants, at any time within four (4) years of the filing of

6  this lawsuit, and have been employed by Defendants within the State of California.

7      15.    Plaintiffs reserve the right under <u>California Rule of Court 3.765</u> to amend or

8  modify the class description with greater particularity or further division into subclasses or

9  limitation to particular issues.

10     16.    This action has been brought and may properly be maintained as a class action

11  under the provisions of <u>Code of Civil Procedure § 382</u> because there is a well-defined community

12  of interest in litigation and proposed class is easily ascertainable.

13  **A.    Numerosity**

14     17.    The potential members of the class as defined are so numerous that joinder of all

15  the member of the class is impracticable. While the precise number of class member has not been

16  determined at this time, Plaintiffs are informed and believe that Defendants employ or, during the

17  time period relevant to this lawsuit, employed more than 80 individuals were employed by

18  Defendant's within the State of California.

19     18.    Accounting for employee turnover during the relevant time period increases this

20  number substantially. Plaintiffs allege that Defendants' employment records will provide

21  information as to the number and location of all class members.

22  **B.    Commonality**

23     19.    There are questions of law and fact common to the class that predominate over any

24  questions affecting only individual class members. These common questions of law and fact

25  include:

26      a.   Whether Defendants failed to pay Employees proper split-shift premiums;

27      b.   Whether Defendants failed to pay Employees minimum wages;

28      c.   Whether Defendants failed to pay Employees overtime as required under <u>Labor</u>

- 5 -
CLASS ACTION COMPLAINT

1    Code § 510;

2        d.   Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable

3             IWC Wage Orders, by failing to provide Employees with requisite meal periods or

4             premium pay in lieu thereof;

5        e.   Whether Defendants violated Labor Code § 226(a);

6        f.   Whether Defendants violated Labor Code § 203 by failing to pay wages and

7             compensation due and owing at the time of termination of employment;

8        g.   Whether Defendants violated Business and Professions Code § 17200 et seq.; and

9        h.   Whether Employees are entitled to equitable relief pursuant to Business and

10            Professions Code § 17200 et seq.

11   **C.   Typicality**

12       20.   The claims of the named plaintiffs are typical of those of the other Employees.

13   Employees all sustained injuries and damages arising out of and caused by Defendant's common

14   course of conducts in violation of statutes, as well as regulations that have the force and effect of

15   law, as alleged herein.

16   **D.   Adequacy of Representation**

17       21.   Plaintiffs will fairly and adequately represent and protect the interest of Employees.

18   Counsel who represents Employees are experienced and competent in litigating employment class

19   actions.

20   **E.   Superiority of Class Action**

21       22.   A class action is superior to other available means for the fair and efficient

22   adjudication of this controversy. Individual joinder of all Employees is not practicable, and

23   questions of law and fact common to all Employees predominate over any questions affecting only

24   individual Employees. Each Employee has been damaged and is entitled to recovery by reason of

25   Defendants' illegal policies or practices of failing to compensate Employees properly.

26       23.   Class action treatment will allow those persons similarly situated to litigate their

27   claims in the manner that is most efficient and economical for the parties and the judicial system.

28   Plaintiffs are unaware of any difficulties in managing this case that should preclude class action.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY SPLIT-SHIFT PREMIUMS

### (Against All Defendants)

24.   Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

25.   8 C.C.R. § 11050 ¶ 4(C), published as Section 4(C) of the Wage Order, mandates employees be paid the equivalent of one hour's pay at minimum wage for each day on which the employee works a split-shift.

26.   Defendants failed to pay Employees proper split-shift premiums in accordance with the C.C.R. and IWC Wage Orders. Specifically, Defendants required Employees to work split shifts – i.e., work schedules interrupted by non-paid and non-working periods established by Defendants other than bona fide meal or rest periods. However, Defendants failed to pay Employees an additional one hour of pay at the minimum wage when they worked split shifts in violation of the applicable IWC Wage Order.

27.   Wherefore, Employees are entitled to recover the unpaid split-shift premium pay wages unpaid, interest thereon and reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

### (Against All Defendants)

28.   Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

29.   Defendants failed to pay Employees minimum wages for all hours worked. Specifically, Defendants implemented a timekeeping policy and practice for Employees which rounded their clock-in and clock-out times in a manner that resulted in a loss of time worked by Employees. As a result, Employees were consistently underpaid due to the rounding policy implemented by Defendants, thus Employees were required to work hours without pay. Defendants failed to pay Employees at least minimum wages for all the time they worked for Defendants in violation of Labor Code and applicable IWC Wage Orders.

- 7 -
CLASS ACTION COMPLAINT

30. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

31. The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Employees are therefore entitled to double the minimum wage during the relevant period.

32. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

33. As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

34. California Labor Code § 1194.2 also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

35. Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

36. Defendants had a common policy and practice of failing to pay Employees minimum wages. Specifically, Defendants had a common policy and practice of understating Employees time worked. Employees were required to clock out during their paid rest breaks which they were systematically denied. As rest breaks are separately compensated at no less than the minimum wage, Defendants failed to pay Employees minimum for such time worked.

37. Wherefore, Employees are entitled to recover the unpaid minimum wages

- 8 -

1  (including double minimum wages), liquidated damages in an amount equal to the minimum

2  wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant

3  to California Labor Code § 1194(a).

## THIRD CAUSE OF ACTION

### FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510

### (Against All Defendants)

7   38.   Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in

8  full herein.

9   39.   By their conduct, as set forth herein, Defendants violated California Labor Code §

10 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees:

11 (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a

12 workday or in excess of forty (40) hours in any workweek. Specifically, Employees consistently

13 worked in excess of eight (8) hours a day, and/or forty (40) hours a week. As discussed above,

14 Employees worked uncompensated hours by having their working time rounded down to reflect

15 fewer hours than worked. These uncompensated hours were worked by Employees in excess of

16 eight (8) hours a day and/or (40) hours a week, entitling Employees to overtime wages which they

17 were never paid, in violation of Labor Code and applicable Wage Orders.

18  40.   Defendants' failure to pay compensation in a timely fashion also constituted a

19 violation of California Labor Code § 204, which requires that all wages shall be paid

20 semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct

21 violation of that provision of the California Labor Code, Defendants have failed to pay all wages

22 and overtime compensation earned by Employees. Each such failure to make a timely payment of

23 compensation to Employees constitutes a separate violation of California Labor Code § 204.

24  41.   Employees have been damaged by these violations of California Labor Code §§

25 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

26  42.   Consequently, pursuant to California Labor Code §§ 204, 510, and 1194 (and the

27 relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for

28 the full amount of all their unpaid wages and overtime compensation, with interest, plus their

1  reasonable attorneys' fees and costs.

2  **FOURTH CAUSE OF ACTION**

3  **MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

4  **(Against All Defendants)**

5  43.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in

6  full herein.

7  44.     Employees regularly worked shifts greater than five (5) hours and greater than ten

8  (10) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of

9  more than five (5) hours without providing him or her with a meal period of not less than thirty

10  (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second

11  meal period of not less than thirty (30) minutes.

12  45.     Defendants failed to provide Employees with meal periods as required under the

13  Labor Code. Specifically, Employees were required to work through their meal periods which they

14  were consistently denied in violation of Labor Code and applicable Wage Orders. Furthermore,

15  Employees were required to work in excess of ten (10) hours a day, without being provided with a

16  second meal period.  Moreover, Defendants failed to compensate Employees for each meal period

17  not provided or inadequately provided, as required under Labor Code § 226.7.

18  46.     Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in

19  an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal

20  period not provided or deficiently provided, a sum to be proven at trial.

21  **FIFTH CAUSE OF ACTION**

22  **VIOLATION OF LABOR CODE § 226(a)**

23  **(Against All Defendants)**

24  47.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in

25  full herein.

26  48. .   California Labor Code § 226(a) requires an employer to furnish each of his or her

27  employees with an accurate, itemized statement in writing showing the gross and net earnings,

28  total hours worked, and the corresponding number of hours worked at each hourly rate; these

- 10 -

CLASS ACTION COMPLAINT

statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

49.     Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the Labor Code. Specifically, the wage statements given to Employees by Defendants failed to accurately account for unpaid split shift premiums, wages, overtime, and premium pay for deficient meal periods and rest breaks all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove.

50.     As a direct and proximate cause of Defendants' violation of <u>Labor Code § 226(a)</u>, Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

51.     Pursuant to <u>Labor Code §§ 226(a)</u> and <u>226(e)</u>, Employees are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE § 203</u>**

**(Against All Defendants)**

52.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

53.     Numerous Employees are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

54.     Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

- 11 -

CLASS ACTION COMPLAINT

Exhibit A - Page 15

1       55.    The wages withheld from these Employees by Defendants remained due and owing

2   for more than thirty (30) days from the date of separation of employment.

3       56.    Defendants' failure to pay wages, as alleged above, was willful in that Defendants

4   knew wages to be due but failed to pay them; this violation entitles these Employees to penalties

5   under Labor Code § 203, which provides that an employee's wages shall continue until paid for up

6   to thirty (30) days from the date they were due.

7   **SEVENTH CAUSE OF ACTION**

8   **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.**

9   **(Against All Defendants)**

10       57.    Plaintiffs re-allege and incorporate all preceding paragraphs, as though set

11   forth in full herein.

12       58.    Plaintiffs, on behalf of themselves, Employees, and the general public, bring this

13   claim pursuant to Business & Professions Code § 17200 et seq. The conduct of Defendants as

14   alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees

15   and the general public. Plaintiffs seek to enforce important rights affecting the public interest

16   within the meaning of Code of Civil Procedure

17   § 1021.5.

18       59.    Plaintiffs are each a "person" within the meaning of Business & Professions Code

19   § 17204, have suffered injury, and therefore have standing to bring this cause of action for

20   injunctive relief, restitution, and other appropriate equitable relief.

21       60.    Business & Professions Code § 17200 et seq. prohibits unlawful and unfair

22   business practices.

23       61.    Wage-and-hour laws express fundamental public policies. Paying employees their

24   wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental

25   public policies of California. Labor Code § 90.5(a) articulates the public policies of this State

26   vigorously to enforce minimum labor standards, to ensure that employees are not required or

27   permitted to work under substandard and unlawful conditions, and to protect law-abiding

28   employers and their employees from competitors who lower costs to themselves by failing to

- 12 -

1 | comply with minimum labor standards.

2 |     62.    Defendants have violated statutes and public policies. Through the conduct alleged

3 | in this Complaint Defendants have acted contrary to these public policies, have violated specific

4 | provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in

5 | violation of <u>Business & Professions Code § 17200 et seq.</u>; which conduct has deprived Plaintiff,

6 | and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges

7 | guaranteed to all employees under the law.

8 |     63.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in

9 | violation of the <u>Business & Professions Code § 17200 et seq.</u>

10 |     64.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages and

11 | overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of

12 | reasonable care should have known that their conduct was unlawful; therefore their conduct

13 | violates the <u>Business & Professions Code § 17200 et seq.</u>

14 |     65.    As a proximate result of the above-mentioned acts of Defendants, Employees have

15 | been damaged, in a sum to be proven at trial. Unless restrained by this Court Defendants will

16 | continue to engage in such unlawful conduct as alleged above. Pursuant to the Business &

17 | Professions Code this Court should make such orders or judgments, including the appointment of

18 | a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of

19 | any unlawful or deceptive practice prohibited by the Business & Professions Code, including but

20 | not limited to the disgorgement of such profits as may be necessary to restore Employees to the

21 | money Defendants have unlawfully failed to pay.

22 | **RELIEF REQUESTED**

23 | WHEREFORE, Plaintiff prays for the following relief:

24 |     1.    For an order certifying this action as a class action;

25 |     2.    For compensatory damages in the amount of the unpaid split shift premiums, owed

26 | to Employees from at least four (4) years prior to the filing of this action, according to proof;

27 |     3.    For compensatory damages in the amount of the unpaid minimum wages for work

28 | performed by Employees from at least four (4) years prior to the filing of this action, according to

1  proof;

2       4.     For liquidated damages in the amount equal to the unpaid minimum wage and

3  interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4       5.     For compensatory damages in the amount of all unpaid wages, including overtime,

5  as may be proven;

6       6.     For compensatory damages in the amount of the hourly wage made by Employees

7  for each missed or deficient meal period where no premium pay was paid therefor from four (4)

8  years prior to the filing of this action, as may be proven;

9       7.     For compensatory damages in the amount of the hourly wage made by Employees

10  for each missed or deficient rest breaks where no premium pay was paid therefore from four (4)

11  years prior to the filing of this action, as may be proven;

12       8.     For compensatory damages in the amount of all unlawfully collected or recieved

13  wages;

14       9.     For penalties pursuant to Labor Code § 226(e), as may be proven;

15       10.    For penalties pursuant to Labor Code § 203, as may be proven;

16       11.    For restitution for unfair competition pursuant to Business & Professions Code

17  § 17200 et seq., including disgorgement or profits, as may be proven;

18       12.    For an order enjoining Defendants and their agents, servants, and employees, and

19  all persons acting under, in concert with, or for them, from acting in derogation of any rights or

20  duties adumbrated in this Complaint;

21       13.    For all general, special, and incidental damages as may be proven;

22       14.    For punitive damages, subject to proof;

23       15.    For an award of pre-judgment and post-judgment interest;

24       16.    For an award providing for the payment of the costs of this suit;

25       17.    For an award of attorneys' fees; and

26       18.    For such other and further relief as this Court may deem proper and just.

27  ///

28  ///

CLASS ACTION COMPLAINT

DATED:  August 1, 2017

DAVID YEREMIAN & ASSOCIATES, INC.

By _____

David Yeremian
David Keledjian
Attorneys for Plaintiffs
CHRISTOPHER WARD and
LINDA QUINTEROS
and the putative class

1  | **DEMAND FOR JURY TRIAL**

2  | Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

3

4  | DATED:  August 1, 2017                    DAVID YEREMIAN & ASSOCIATES, INC.

5

6  |                                          By
7  |                                             David Yeremian
   |                                             David Keledjian
8  |                                             Attorneys for Plaintiffs
   |                                             CHRISTOPHER WARD and
9  |                                             LINDA QUINTEROS
   |                                             and the putative class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -
CLASS ACTION COMPLAINT

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER) | FOR COURT USE ONLY |
|---|---|
| *DAVID YEREMIAN* <br> *535 N. BRAND BLVD, SUITE 705* <br> *GLENDALE, CA 91203* <br> Attorney for: *CHRISTOPHER WARD AND LINDA QUINTEROS* | **FILED** <br><br> 2017 AUG - 1 P 2: 40 <br> CLERK OF THE SUPERIOR COURT <br> COUNTY OF STANISLAUS <br> BY NATASHA RENTERIA <br> DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**
Street Address:   City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354
Civil Clerk's Office: 801 10th Street, 4th Floor, Modesto, CA 95354

Plaintiff/Petitioner: *CHRISTOPHER WARD AND LINDA QUINTEROS*
Defendant/Respondent: *AMAZON*

| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER <br> *2028086 -* |
|---|---|

1.  NOTICE is given that a Case Management Conference has been scheduled as follows:

    Date: *DEC 0 4 2017*   Time: *1:30*   ~~AM~~/PM

This case is assigned to Judge *TIMOTHY W. SALTER*, Dept *22*, for all purposes, including trial.

> *Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354
> *Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA 95354
> **All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**

...........................................................................................................

> You have 30 calendar days to file a written response with this court after the legal papers and the summons
> were served on you.  You must also serve a copy of your written response on the plaintiff.

2.  You must file and serve a completed *Case Management Conference Statement* at least fifteen (15) calendar days before the case management conference.

3.  You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4.  At the case management conference the Court may make pretrial orders, including the following:

    a.  An order establishing a discovery schedule.

    b.  An order referring the case to arbitration.

    c.  An order dismissing fictitious defendants.

    d.  An order scheduling exchange of expert witness information.

    e.  An order setting subsequent conferences and the trial date.

    f.  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date: *AUG 0 1 2017*   by _____ NATASHA RENTERIA _____ Deputy Clerk

Mandatory Form

| **--SANCTIONS--** |
|---|
| If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money). |

CV003                                                                                          11/10

Exhibit A - Page 21