1   DAVID YEREMIAN & ASSOCIATES, INC.
    David Yeremian (SBN 226337)
2   david@yeremianlaw.com
    Alvin B. Lindsay (SBN 220236)
3   alvin@yeremianlaw.com
    535 N. Brand Blvd., Suite 705
4   Glendale, California 91203
    Telephone: (818) 230-8380
5   Facsimile: (818) 230-0308

6   DAVTYAN PROFESSIONAL LAW CORPORATION
    Emil Davtyan (SBN 299363)
7   emil@davtyanlaw.com
    21900 Burbank Blvd., Suite 300
8   Woodland Hills, California 91367
    Telephone: (818) 992-2935
9   Facsimile: (818) 975-5525

10  Attorneys for Plaintiffs CHRISTOPHER WARD and LINDA QUINTEROS,
    on behalf of themselves and others similarly situated

11

12                    **UNITED STATES DISTRICT COURT**

13                   **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14   CHRISTOPHER WARD and LINDA QUINTEROS, on behalf of themselves and others similarly situated, | Case No.:  1:17-cv-01300-DAD-MJS |
| 15  | **CLASS ACTION** |
| 16              Plaintiffs, | **FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** |
| 17              vs. | 1.  Failure to Pay Wages Under the FLSA, 29 USC §§ 206, 207; |
| 18   GOLDEN STATE FC, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive, | 2.  Failure to Pay Minimum Wages; |
| 19  | 3.  Failure to Pay Wages and Overtime Under Labor Code § 510; |
| 20              Defendants. | 4.  Meal-Period Liability Under Labor Code § 226.7; |
| 21  | 5.  Rest-Period Liability Under Labor Code § 226.7; |
| 22  | 6.  Violation of Labor Code § 226(a); |
| 23  | 7.  Penalties Pursuant to Labor Code § 203; |
| 24  | 8.  Violation of Business & Professions Code § 17200 *et seq.;* and |
| 25  | 9.  Penalties Under Labor Code § 2699, *et seq.* |
| 26  | **DEMAND FOR JURY TRIAL** |
| 27  | Original Complaint Filed: August 1, 2017 Removed: September 28, 2017 |
| 28  | |

- 1 -
FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs CHRISTOPHER WARD and LINDA QUINTEROS, (hereinafter and collectively "Plaintiffs") on behalf of themselves and all others similarly situated (collectively, "Employees"; individually, "Employee"), in this First Amended Class Action Complaint, complain of Defendants, and each of them, as follows:

**INTRODUCTION**

1.        Plaintiffs bring this action on behalf of themselves and all similarly situated employees within the State of California who, at any time from four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees by Defendants GOLDEN STATE FC, LLC, a Delaware limited liability company, and DOES 1 through 10 (all defendants being collectively referred to herein as "Defendants") at Defendants' fulfillment centers. Plaintiffs allege that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and California Business & Professions Code, and the Fair Labor Standards Act ("FLSA"), and seeks redress therefore.

2.        Plaintiffs are each residents of California and, during the time period relevant to this Complaint, were employed by Defendants as a non-exempt hourly employees working at Defendants' fulfillment centers within the State of California. Plaintiff Christopher Ward was employed by Defendant Golden State FC, LLC from **May 24, 2015** to **November 23, 2016** at a fulfillment center located in San Bernardino, California. Plaintiff Linda Quinteros was employed by Defendant Golden State FC, LLC from **October 17, 2013** to **December 13, 2016** at a fulfillment center located in Patterson, California. Plaintiffs worked in positions including outbound packer and inbound receiving, where they unloaded and processed and shipped inventory from Amazon to its customers.

3.        Defendant Golden State FC, LLC ("Golden State") is a wholly owned subsidiary of Amazon Fulfillment Services, Inc., which is a wholly-owned subsidiary of Amazon.com, Inc. ("Amzaon.com"). Amazon.com is the well-known retailer who conducts operations throughout California and the United States by processing orders and filling and shipping them based out of a network of fulfillment, sortation, and distribution and shipping centers. Upon information and belief, Golden State FC, LLC was created to build and operate the fulfilment centers for

FIRST AMENDED CLASS ACTION COMPLAINT

Amazon.com, including the at least nine fulfilment centers presently operating in California, located, upon information and belief, in the cities of San Bernardino, Rialto, Eastvale, Tracy, Moreno Valley, Redlands, and Patterson City and in San Bernardino, Riverside, San Joaquin, Stanislaus, and Riverside Counties. Golden State is a Delaware corporation, who maintains its principal place of business in Seattle, Washington and operates throughout California and the United States.  In California, Golden State, upon information and belief, employs thousands of Class members at the fulfillment centers it operates on behalf of Amazon.com. The Class and members and collective received wage statements listing Golden State as their employer.

4.      Venue as to Defendants is proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq*. and 28 U.S.C. §1391(c). Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred in part in Stanislaus County and in this judicial district. Defendant has asserted, in connection with removal of this action, that jurisdiction in this Court is appropriate under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(2) and (d)(6), which Plaintiffs have yet to challenge.

5.      The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiffs are informed and believe and thereon allege that Defendants designated herein as Does 1 through 10, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 10 when their identities become known.

6.      Plaintiffs are informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, or suffered or

FIRST AMENDED CLASS ACTION COMPLAINT

1   permitted Employees to work, or engaged, thereby creating a common law employment

2   relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly

3   employed Employees.

4   <u>**FACTUAL BACKGROUND**</u>

5         7.     The Employees who comprise the Class and collective, including Plaintiffs, are

6   nonexempt employees pursuant to the applicable Wage Order of the IWC and applicable federal

7   regulations.  Defendants hire associate Employees who work in non-exempt positions at the

8   direction of Defendants in the State of California and throughout the United States. Plaintiff and

9   the Class members were either not paid by Defendants for all hours worked or were not paid at the

10   appropriate minimum, regular and overtime rates.  Plaintiff also contends that Defendants failed to

11   pay Plaintiffs and the Class members all wages due and owing, including by unlawful rounding to

12   their detriment or under-recording of hours worked or by paying Employees under invalid,

13   inoperative alternative workweek schedules that systematically underpaid earned overtime, and

14   that Defendants made unlawful deductions from their pay, failed to provide meal and rest breaks,

15   and failed to furnish accurate wage statements, all in violation of various provisions of the

16   California <u>Labor Code</u> and applicable Wage Orders, and the FLSA where applicable.

17         8.     From at least four (4) years prior to the filing of this lawsuit and continuing to the

18   present, Defendants implemented a timekeeping policy and practice for Employees which rounded

19   their clock-in and clock-out times in a manner that resulted in a loss of time worked. As a result,

20   Employees were consistently underpaid and were required to work off the clock and without pay,

21   including for overtime wages they did not receive.  More specifically, Defendants followed a

22   practice of rounding actual time entries inputted by Class members in real time down to the

23   nearest total one-tenth hour for payroll purposes, with the ostensible intent of paying Class

24   members only for the hours they were scheduled to work, rather than the hours they were actually

25   under Defendants' control.  Plaintiffs contend this policy is not neutral and results, over time, to

26   the detriment of the Class members by systematically undercompensating them.  Plaintiffs

27   additionally contend that any grace period policy intended to track timekeeping entries with shift

28   schedules systematically failed to compensate Plaintiffs, and the Class, for all hours they were

- 4 -

1  subject to Defendants' control and performing work related requirements.

2       9.    Therefore, from at least four (4) years prior to the filing of this lawsuit and

3  continuing to the present, Defendants had a consistent policy or practice of failing to pay

4  Employees for all hours worked, and failing to pay minimum wage for all time worked as required

5  by California Law. Defendants thus failed to pay Employees at least minimum wages for all the

6  time they worked for Defendants in violation of the <u>Labor Code</u> and applicable IWC Wage

7  Orders. Additionally, upon information and belief, both the timekeeping system and the hours

8  reflected in Defendants' payroll system are capable of recording time entries to the minute, yet

9  Defendants have unlawfully implemented a uniform rounding policy that rounds time entries

10  down to conform to a shift schedule set by Defendants rather than to the actual times worked by

11  Plaintiffs and the Class members. This unlawful rounding also resulted in overtime hours accruing

12  earlier than when Defendants started paying them in the shift, including for the purposes of

13  alternative work week schedules.

14       10.    From at least four (4) years prior to the filing of this lawsuit and continuing to the

15  present, Defendants had a consistent policy or practice of failing to pay Employees overtime

16  compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day

17  and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12)

18  hours a day, in violation of <u>Labor Code</u> § 510 and the corresponding sections of IWC Wage

19  Orders. Specifically, Employees in the Class consistently worked in excess of eight (8) hours a

20  day, and/or forty (40) hours a week, generally under a four-day work week, with work days of 10

21  to 12 hours. As discussed above, Employees worked uncompensated hours by having their

22  working time rounded down to reflect fewer hours than worked. These uncompensated hours were

23  worked by Employees in excess of eight (8) hours a day and/or (40) hours a week, entitling

24  Employees to overtime wages which they were never paid, in violation of <u>Labor Code</u> and

25  applicable Wage Orders, and the FLSA.

26       11.    Defendants also followed a common policy and practice which systematically

27  underpaid overtime compensation to Employees for their time worked by requiring Class

28  members to work under either unenforceable or invalid alternative work week agreements, or

FIRST AMENDED CLASS ACTION COMPLAINT

agreements that were never approved by the Employees or not provided to the Department of

Industrial Relations to be reported in the Alternative Elections Workweek Database maintained by

the Division of Labor Statistics and Research.  Under Defendants' workweek and shift scheduling

policy and practice, Defendants generally required a four day work week, with ten hour work

days, and Defendants therefore did not pay Plaintiffs and the Class members overtime for hours

worked between eight and ten on a shift.  Defendants' uniformly applied policy and practice thus

under-compensated Employees' for their working time and systematically reflected fewer

overtime hours than they actually worked, including for two hours per shift and at least

approximately eight hours per week.  Upon information and belief, Defendants also paid certain

Employees a shift differential for working the night shift or else other types of compensation

which was non-discretionary and production based, yet further failed to pay overtime wages by

failing to properly include the differential or these other forms of remuneration in the regular rate

used to calculate and pay overtime. Employees were thus entitled to further overtime wages which

they were never paid, in violation of <u>Labor Code</u> and applicable Wage Orders, and the FLSA.

   12. As a matter of uniform Company policy, Plaintiff and the Employee class and

collective members were required to work off the clock which was not compensated by

Defendants in violation of the California <u>Labor Code</u> and the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §§ 201 e*t seq*. Plaintiff and the Class and collective members were also not

paid regular wages and overtime for the time they were required to comply with other

requirements imposed upon them, which they had to complete while off-duty and without

compensation.  Plaintiff and the Class members were sometimes asked to work shifts over eight

(8) hours in a day and to work over forty (40) hours in a work week, but they were not paid at the

appropriate overtime rate for all such hours, including by being required to perform work duties

and tasks without pay and while off-the-clock due to Defendants' unlawful rounding and policy of

not paying overtime to Employees under alternative work week agreements, and Defendants

further miscalculated and underpaid overtime by failing to account for all types of wage payments

in calculating and paying overtime.  As a result, Plaintiff and the Class members worked

substantial regular and overtime hours during their employment with Defendants for which they

1    were not compensated, in violation of the California <u>Labor Code</u> and the FLSA.

2        13.    Furthermore, during the three years immediately preceding the filing of the

3    Complaint in this action and within the statute of limitations periods applicable to the First Cause

4    of Action pled herein, Defendants employed Plaintiff and other Employees in the collective at

5    fulfillment centers within California and the United States (collectively "FLSA Collective

6    Members"). FLSA Collective Members were, and are, victims of Defendants' policies and/or

7    practices complained of herein, lost money and/or property, and have been deprived of the rights

8    guaranteed to them by the FLSA, as addressed in further detail herein. The FLSA Collective

9    Members include of all Defendants' current and former non-exempt, hourly Employees who

10   worked at any of Defendants' fulfillment centers.

11       14.    Additionally, Defendants failed to provide all the legally required unpaid, off-duty

12   meal periods and all the legally required paid, off-duty rest periods to the Plaintiffs and the other

13   Class members as required by the applicable Wage Order and <u>Labor Code</u>. Defendants did not

14   have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal

15   periods and all the legally required paid, off-duty rest periods to the Plaintiffs and the other Class

16   members. From at least four (4) years prior to the filing of this lawsuit and continuing to the

17   present, Defendants have also regularly required Employees to work shifts in excess of five (5)

18   hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes,

19   and shifts in excess of ten (10) hours without providing them with second meal periods of not less

20   than thirty minutes. Defendants also failed to pay Employees "premium pay," i.e. one hour of

21   wages at each Employee's effective hourly rate of pay, for each meal period that Defendants failed

22   to provide or deficiently provided.  More specifically, Defendants uniformly failed to provide both

23   first and second meal periods or required Plaintiffs and the Class to remain on-duty during meal

24   periods, or shortened them to less than 30 minutes or provided them after the fifth hour of work or

25   not at all after the tenth hour, without compensating the Employees at one hour of regular pay.

26   Additionally, while Defendants may attempt to assert there are meal period waiver agreements in

27   effect, upon information and belief, they are unlawful and unenforceable or were not uniformly

28   entered into by all Employees.  While Defendants generally provided Plaintiffs at least an

opportunity for a first meal period, there were occasions when there were late meal periods or none provided when they should have been, and all Employees in the Class were uniformly denied second meal periods when they worked shifts of over ten (10) hours.  In fact, Defendants' uniform policy and practice failed to provide second meal periods to the Employees in the Class when they worked shifts of over ten (10) hours, which they were regularly required to do. Defendants' rounding also resulted occasions when Plaintiff Ward worked over five hours in a shift and was not provided with a meal period because Defendants believed his shift did not qualify or worked over six hours but did not receive one due to Defendants' belief that he had waived his right to one, based on an invalid and unenforceable alleged waiver. Upon information and belief, other similarly situated Class members endured similar meal period violations at Defendants' hands.

15.    From at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants, uniformly failed to authorize and permit Plaintiffs and the Class to take their required ten (10) minute rest periods for every four (4) hours of work or major fraction thereof, or failed to permit the Employees to take them duty-free, without paying the penalty wages of one hour of regular pay.  These violations included Defendants failing to authorize and permit three ten-minute duty-free rest periods for shifts they worked over 10 hours and requiring them to remain on-duty during their earlier breaks, or otherwise not timely providing them or providing short breaks.  Upon information and belief, Defendants also maintained a common policy and practice of not authorizing and permitting Employees who worked over ten (10) hour shifts to take a third ten (10) minute rest period.

16.    From at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to provide Employees with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws, including by the above-described requirement of off the clock work, unlawful rounding to the detriment of Employees, and incorrect calculation of the regular rate used to calculate and pay overtime. Defendants have also made it difficult to account with precision for the unlawfully withheld meal and rest period compensation owed to Plaintiffs and the Class, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt

employees by California Labor Code §§ 226, 1174(d), and paragraph 7 of the applicable California Wage Orders. Upon information and belief, Defendants also failed to accurately record and pay for all regular and overtime hours worked by Plaintiff and the Class members, as Defendants' policy of unlawfully rounding time entries to the detriment of Employees resulted to changed timekeeping records and corresponding payroll records reflecting that Employees worked less hours than they actually worked. Defendants have thus also failed to comply with Labor Code § 226(a) by inaccurately reporting total hours worked and total wages earned by Plaintiff and the Class members, along with the appropriate applicable rates, among other requirements. In some instances, Defendants have also listed on wage statements provided to the Employees in the Class Golden State LLC, which is not their employer. Plaintiff and Class members are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b). Defendants have also failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class members.

17.     From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have had a consistent policy of failing to pay all wages earned and owed to Employees at the time of their termination or within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws.

18.     In light of the foregoing, Employees bring this action pursuant to, *inter alia*, Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1194.2, 1197, and 1199; Title 8, Section 11050 of the California Code of Regulations; and applicable IWC Wage Orders.

19.     Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of Labor Code.

20.     The Fair Labor Standards Act: The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as "FLSA"), provides for minimum standards for

both minimum and regular wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provide the Courts with substantial authority to stamp out abuses and enforce the minimum wage and overtime pay provisions at issue in this Complaint. According to Congressional findings, the existence of labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, and barriers to commerce and the free flow of goods in commerce, and interferes with the orderly and fair marketing of goods. Defendants violated the FLSA with the above described unlawful wage payment practices, including by not paying Employees for all hours worked at the required minimum and regular wage and for all overtime for hours worked over 40 in a workweek.

**CLASS AND COLLECTIVE ALLEGATIONS**

21.     Plaintiffs brings this class action on behalf of themselves and all others similarly situated pursuant to Code of Civil Procedure § 382 and Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek to represent a class defined as follows: "All individuals employed by Defendants at any time during the period of four (4) years prior to the filing of this lawsuit and ending on a date as determined by the Court ("the Class Period"), and who have been employed by Defendants as hourly, non-exempt employees at Defendants' fulfillment centers in California."

Further, Plaintiff seeks to represent the following Subclasses composed of and defined as follows:

a.     Subclass 1.   Minimum Wages Subclass.  All Class members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

b.     Subclass 2.   Wages and Overtime Subclass.  All Class members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

c.     Subclass 3.  Alternative Work Week Overtime Subclass:  All Class members who worked at locations operating under an improper or otherwise invalid alternative work week schedule who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

    c.   <u>Subclass 4.  Meal Period Subclass.</u>  All Class members who were subject to Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

    d.   <u>Subclass 5.  Rest Break Subclass.</u>  All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

    e.   <u>Subclass 6.  Wage Statement Subclass.</u>  All Class members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

    g.   <u>Subclass 7.  Termination Pay Subclass.</u>  All Class members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

    h.   <u>Subclass 8.  UCL Subclass.</u>  All Class members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

    22.   Plaintiff also brings this action pursuant to 29 U.S.C. § 216 on behalf of a collective defined as: "All current and former hourly, non-exempt employees who were employed at Defendants' fulfillment centers at any time during the period of three (3) years prior to the filing of this lawsuit and ending on a date as determined by the Court" (the "FLSA Collective"). The FLSA Collective Members include of all Defendants' current and former hourly, non-exempt employees who have worked at Defendants' fulfillment centers during this time period. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and FLSA Collective members for all hours worked, including for all overtime hours worked.

    23.   Plaintiffs reserve the right under California <u>Rule of Court</u> 3.765 to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

    24.   This action has been brought and may properly be maintained as a class action

under the provisions of Code of Civil Procedure § 382 and Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in litigation and proposed class is easily ascertainable.

**A.      Numerosity**

25.      The potential members of the class as defined are so numerous that joinder of all the member of the class is impracticable. While the precise number of class member has not been determined at this time, Plaintiffs are informed and believe that Defendants employ or, during the time period relevant to this lawsuit, employed thousands of Employees within the State of California.

26.      Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiffs allege that Defendants' employment records will provide information as to the number and location of all Class members.

**B.      Commonality**

27.      There are questions of law and fact common to the class that predominate over any questions affecting only individual Class members. The common questions of law set forth above are numerous and substantial and stem from Defendants' uniform policies and/or practices of violating the California Labor Code above. As such, these common questions predominate over individual questions concerning each individual Class Member's showing as to his or her eligibility for recovery or as to the amount of damages. These common questions of law and fact include:

a.   Whether Defendants unlawfully rounded hours worked by the Employee Class members down to their detriment;

b.   Whether Defendants failed to pay Employees minimum wages;

c.   Whether Defendants failed to pay Employees overtime as required under Labor Code § 510;

d.   Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

      e.    Whether Defendants violated <u>Labor Code</u> §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite rest periods or premium pay in lieu thereof;

      f.    Whether Defendants violated <u>Labor Code</u> § 226(a);

      g.    Whether Defendants violated <u>Labor Code</u> § 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

      h.    Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.*; and

      i.    Whether Employees are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq.*

**C.    Typicality**

28.    The claims of the named plaintiffs are typical of those of the other Employees. Employees all sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

**D.    Adequacy of Representation**

29.    Plaintiffs will fairly and adequately represent and protect the interest of Employees. Counsel who represents Employees are experienced and competent in litigating employment class actions.

**E.    Superiority of Class Action**

30.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

31.    Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties in managing this case that should preclude class action.

///

**FIRST CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES UNDER THE FLSA**

**(Against All Defendants)**

32.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

33.     At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

34.     Plaintiffs are informed and believe, and thereon allege, that Defendants have required the Plaintiffs and FLSA collective Employees as part of their employment to work off the clock and for less than minimum wage under 29 U.S.C. § 206(a)(1).  That Section provides the following:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
> (1) except as otherwise provided in this section, not less than—
> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
> (B) $6.55 an hour, beginning 12 months after that 60th day; and
> (C) $7.25 an hour, beginning 24 months after that 60th day;…

35.     Plaintiff is informed and believes, and thereon alleges, that certain or all of the Employees were not exempt employees under the FLSA's overtime provisions and that Defendants also required Plaintiffs and require the FLSA collective Employees to work without overtime in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

36.     In the performance of their duties for Defendants, Employees as members of the FLSA collective often did work off the clock and over forty (40) hours per week, received non-hourly payments that were not incorporated by Defendants into the regular rate used to calculate and pay overtime compensation, and did not receive minimum wages and other required

FIRST AMENDED CLASS ACTION COMPLAINT

compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207, due to Defendants' policy and practice of rounding timekeeping entries to the detriment of the Employees in the Class and by operating under a policy of not paying overtime due to invalid or unenforceable alternative work week elections, and as addressed in detail above.

37.     At all times relevant to this action, Plaintiffs were an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA. At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs and the FLSA Collective Members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA. At all times relevant to this action, Defendants required Plaintiffs and FLSA Collective Members to perform work under Defendants employ but failed to pay them the federally mandated wages and overtime compensation for all services performed.

38.     The precise amount of unpaid wages and unpaid hours will be proven at trial, as will the extent of the geographic scope of the FLSA Collective, as Defendants maintain operations in California but also in other states throughout the United States. Upon information and belief, Employees of Defendants in other states besides California were also subject to the same uniform and unlawful company policies and practices as were the members of the FLSA Collective employed in California, as addressed herein.

39.     The FLSA also imposes a record-keeping requirement on employers, including the obligation to keep accurate records of all hours worked by employees. Defendants have knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve accurate records of all hours worked by Plaintiffs and FLSA Collective Members. By failing to record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA Collective Members, and by rounding timekeeping entries down to reflect less hours than were actually worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*

40.     Plaintiffs propose to undertake appropriate proceedings to have such FLSA Class members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. §

216(b), by filing written consents to joinder with the Court.

41.     Defendants' violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions.

42.     Plaintiffs seek judgment against Defendants on their own behalf and on behalf of those FLSA collective employees similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum and overtime wages owed by Defendants, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

## SECOND CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

#### (Against All Defendants)

43.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

44.     In California, employees must be paid at least the then applicable state minimum wage for all hours worked.  (IWC Wage Order MW-2014). Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.  Defendants failed to do so.

45.     Defendants failed to pay Employees minimum wages for all hours worked. Specifically, Defendants implemented a timekeeping policy and practice for Employees which rounded their clock-in and clock-out times in a manner that resulted in a loss of time worked by Employees, as addressed in detail above. As a result, Employees were consistently underpaid due to the rounding policy implemented by Defendants, and Employees were required to work hours without pay. Defendants failed to pay Employees at least minimum wages for all the time they worked for Defendants in violation of Labor Code and applicable IWC Wage Orders.

///

46.     California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

47.     The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Employees are therefore entitled to double the minimum wage during the relevant period.

48.     The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

49.     As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also, California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

50.     California Labor Code § 1194.2 also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

51.     In addition to restitution for all unpaid wages, pursuant to California Labor Code § 1197.1, Plaintiffs and the Class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages. Pursuant to California Labor Code § 1194.2, Plaintiffs and the Class members are further entitled to recover liquidated damages in an amount equal to wages

1  unlawfully unpaid and interest thereon.

2       52.    Defendants have the ability to pay minimum wages for all time worked and have

3  willfully refused to pay such wages with the intent to secure for Defendants a discount upon this

4  indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

5       53.    Wherefore, Employees are entitled to recover the unpaid minimum wages

6  (including double minimum wages), liquidated damages in an amount equal to the minimum

7  wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant

8  to California Labor Code § 1194(a). Plaintiff and the other members of the Class further request

9  recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the

10  assessment of any statutory penalties against Defendants, in a sum as provided by the California

11  Labor Code and/or other applicable statutes. To the extent minimum wage compensation is

12  determined to be owed to the Class members who have terminated their employment, Defendants'

13  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be

14  entitled to waiting time penalties under California Labor Code § 203, which penalties are sought

15  herein on behalf of these Class members. Defendants' failure to timely pay all wages owed also

16  violated Labor Code § 204 and resulted in violations of Labor Code § 226 because they resulted in

17  the issuance of inaccurate wage statements.  Defendants' conduct as alleged herein was willful,

18  intentional and not in good faith. Further, Plaintiff and other Class members are entitled to seek

19  and recover statutory costs.

20  **THIRD CAUSE OF ACTION**

21  **FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510**

22  **(Against All Defendants)**

23       54.    Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in

24  full herein.

25       55.    California Labor Code § 1194 provides that "any employee receiving less than the

26  legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

27  recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

28  compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action

may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

56.     By their conduct, as set forth herein, Defendants violated California Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek. Specifically, Employees consistently worked in excess of eight (8) hours a day, and/or forty (40) hours a week. As discussed above, Employees worked uncompensated hours by having their working time rounded down to reflect fewer hours than worked or were not paid for all overtime worked due to being subject to invalid or otherwise improper alternative work week schedules, as addressed in detail above. These uncompensated hours were worked by Employees in excess of eight (8) hours a day and/or (40) hours a week, entitling Employees to overtime wages which they were never paid, in violation of Labor Code and applicable Wage Orders.

57.     Defendants' failure to pay Plaintiff and the Class members the unpaid balance of regular wages owed and overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

58.     Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California Labor Code § 204.

59.     Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

60.     Consequently, pursuant to California Labor Code §§ 204, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against

1  Defendants, and each of them, and any additional sums as provided by the <u>Labor Code</u> and/or

2  other statutes.

**FOURTH CAUSE OF ACTION**

**MEAL-PERIOD LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

**(Against All Defendants)**

6  61.   Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in

7  full herein.

8  62.   Employees regularly worked shifts greater than five (5) hours and greater than ten

9  (10) hours. Pursuant to <u>Labor Code</u> § 512 an employer may not employ someone for a shift of

10  more than five (5) hours without providing him or her with a meal period of not less than thirty

11  (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second

12  meal period of not less than thirty (30) minutes.

13  63.   Defendants failed to provide Employees with meal periods as required under the

14  <u>Labor Code</u>. Specifically, certain Employees were required to work through their meal periods or

15  provided them late, in violation of the <u>Labor Code</u> and applicable Wage Orders. Furthermore,

16  Employees were required to work in excess of ten (10) hours a day, without being provided with a

17  second meal period, as described above.  Defendants also failed to compensate Employees for

18  each meal period not provided or inadequately provided, as required under <u>Labor Code</u> § 226.7

19  and paragraph 11 of the applicable IWC Wage Orders, which provide that, if an employer fails to

20  provide an employee a meal period in accordance with this section, the employer shall pay the

21  employee one (1) hour of pay at the employee's regular rate of compensation for each workday

22  that the meal period is not provided. Defendants failed to compensate Employees for each meal

23  period not provided or inadequately provided, as required under <u>Labor Code</u> § 226.7.

24  64.   Therefore, pursuant to <u>Labor Code</u> § 226.7, Employees are entitled to damages in

25  an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal

26  period not provided or deficiently provided, a sum to be proven at trial, as well as the assessment

27  of any statutory penalties against the Defendants, and each of them, in a sum as provided by the

28  <u>Labor Code</u> and other statutes.

**FIFTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

**(Against All Defendants)**

65.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

66.     <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) work hours.

67.     Employees consistently worked consecutive four (4) hour shifts and were generally scheduled for shifts of greater than 3.5 hours total, thus requiring Defendants to authorize and permit them to take rest periods. Pursuant to the <u>Labor Code</u> and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift, and Defendants failed to provide Employees with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift, including by failing to provide three rest periods on shifts of over ten (10) hours.

68.     <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

69.     Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Plaintiff and the Class members in violation of <u>Labor Code</u> §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

70.     Defendants failed to authorize and permit Plaintiff and the Class members to take rest periods, as required by the <u>Labor Code</u>. Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under <u>Labor Code</u> § 226.7.

71.     Therefore, pursuant to <u>Labor Code</u> § 226.7 and paragraph 12 of the applicable IWC

Wage Orders, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and/or other statutes.

<b><u>SIXTH CAUSE OF ACTION</u></b>

<b>VIOLATION OF <u>LABOR CODE</u> § 226(a)</b>

<b>(Against All Defendants)</b>

72.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

73.     California <u>Labor Code</u> § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

74.     Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the <u>Labor Code</u>. Specifically, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks all of which Defendants knew or reasonably should have known were owed to Employees, including by unlawful rounding and failing to pay all overtime under alternative work week schedules, as alleged hereinabove.  In some instances, Defendants also listed the incorrect employer on wage statements issued to Plaintiffs and the Class members.

75.     Throughout the liability period, Defendants intentionally failed to furnish to Plaintiff and the Class members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of

the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to <u>Labor Code §</u> 226, amongst other statutory requirements.  Defendants knowingly and intentionally failed to provide Plaintiff and the Class members with such timely and accurate wage and hour statements.

76.     As a direct and proximate cause of Defendants' violation of <u>Labor Code</u> § 226(a), Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked. Plaintiff and the Class members are presumed to have suffered injury and are entitled to penalties under <u>Labor Code</u> § 226(e), as the Defendants have failed to provide a wage statement, failed to provide accurate and complete information as required by any one or more of items <u>Labor Code</u> § 226 (a)(1) to (9), inclusive, and the Plaintiff and Class members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.  For purposes of <u>Labor Code</u> § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

77.     Therefore, as a direct and proximate cause of Defendants' violation of <u>Labor Code</u> § 226(a), Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records,

and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.  Pursuant to <u>Labor Code</u> §§ 226(a) and 226(e), Employees are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE</u> § 203**

**(Against All Defendants)**

78.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

79.     Numerous Employees are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

80.     Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

81.     The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation of employment.

82.     Defendants failed to pay Plaintiff and the Class members without abatement, all wages as defined by applicable California law. Among other things, these Employees were not paid all regular and overtime wages, including by failing to pay for all hours worked or requiring off the clock work or by unlawful rounding of time entries to the detriment of Employees or by operating under invalid or ineffectual alternative work week agreements, and by failing to correctly calculate the regular rate used to calculate and pay overtime compensation, and failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint.  Defendants' failure to pay said wages within the required time was willful within the meaning of <u>Labor Code</u> § 203.

83.     Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles these Employees to penalties

under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*

#### (Against All Defendants)

84.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

85.     Plaintiffs, on behalf of themselves, Employees, and the general public, bring this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

86.     Plaintiffs are each a "person" within the meaning of Business & Professions Code § 17204, have suffered injury, and therefore have standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

87.     Business & Professions Code § 17200 et seq. prohibits unlawful and unfair business practices.

88.     Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

89.     Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq*.; which conduct has deprived Plaintiff,

FIRST AMENDED CLASS ACTION COMPLAINT

1   and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges

2   guaranteed to all employees under the law.

3        90.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in

4   violation of the Business & Professions Code § 17200 *et seq.*

5        91.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages and

6   overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of

7   reasonable care should have known that their conduct was unlawful; therefore their conduct

8   violates the Business & Professions Code § 17200 *et seq.*

9        92.    As a proximate result of the above-mentioned acts of Defendants, Employees have

10   been damaged, in a sum to be proven at trial. Unless restrained by this Court Defendants will

11   continue to engage in such unlawful conduct as alleged above. Pursuant to the Business &

12   Professions Code, this Court should make such orders or judgments, including the appointment of

13   a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of

14   any unlawful or deceptive practice prohibited by the Business & Professions Code, including but

15   not limited to the disgorgement of such profits as may be necessary to restore Employees to the

16   money Defendants have unlawfully failed to pay.

17   **NINTH CAUSE OF ACTION**

18   **PENALTIES PURSUANT TO LABOR CODE § 2699, *ET SEQ.***

19   **(Against All Defendants)**

20        93.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

21   full herein.

22        94.    Plaintiff and Employees are aggrieved employees as defined under Labor Code §

23   2699(c) in that they suffered the violations alleged in this Complaint and either were or are

24   employed by the alleged violators, Defendants.

25        95.    In failing to pay Aggrieved Employees minimum wages and overtime, failing to

26   provide proper meal and rest periods, failing to provide accurate itemized wage statements, and

27   failing to pay Employees wages upon termination or timely upon resignation, all discussed above,

28   Defendants failed to timely pay Aggrieved Employees wages on a semimonthly basis as required

- 26 -

under Labor Code § 204. Defendants also failed to maintain records showing accurate hours worked daily and the wages paid to Aggrieved Employees, as required by Labor Code § 1174 and the applicable IWC wage orders.

96.     As such, Employees seek wages and penalties under Labor Code §§ 2698 and 2699 for Defendants' violation of Labor Code provisions included under Labor Code § 2699.5 and includes the penalty provisions, without limitation, based on the following California Labor Code sections: 201, 202, 203, 204, 221, 226, 226.7, 510, 512, 1174, 1174.5, 1185, 1194, 1194.2, 1197, 1199, 2698, and 2699, *et seq.*

97.     The penalties shall be allocated as follows: 75% to the Labor and Workforce Development Agency (LWDA) and 25% to the affected employee.

98.     Plaintiffs have exhausted their administrative remedy by sending a certified letter to the LWDA and Defendants postmarked on **July 26, 2017**. The LWDA has not provided notice of its intent to investigate the alleged violations within 65 calendar days of the postmark date of the letter.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs prays for the following relief:

1.     For an order certifying this action as a class action, including certifying the above Class and Subclasses;

2.     For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees from at least four (4) years prior to the filing of this action, according to proof;

3.     For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4.     For compensatory damages in the amount of all unpaid wages, including overtime, as may be proven;

5.     For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4)

1   years prior to the filing of this action, as may be proven;

2        6.     For compensatory damages in the amount of the hourly wage made by Employees

3   for each missed or deficient rest breaks where no premium pay was paid therefore from four (4)

4   years prior to the filing of this action, as may be proven;

5        7.     For compensatory damages in the amount of all unlawfully collected or received

6   wages;

7        8.     For penalties pursuant to Labor Code § 226(e), as may be proven;

8        9.     For penalties pursuant to Labor Code § 203, as may be proven;

9        10.     For restitution for unfair competition pursuant to Business & Professions Code

10  § 17200 *et seq.*, including disgorgement or profits, as may be proven;

11       11.     For an order enjoining Defendants and their agents, servants, and employees, and

12  all persons acting under, in concert with, or for them, from acting in derogation of any rights or

13  duties adumbrated in this Complaint;

14       12.     For wages and penalties under Labor Code, as may be proven;

15       13.     For penalties pursuant to Labor Code § 2699, *et seq.,* as may be proven;

16       14.     For facilitated Notice under 29 USC § 216(b), compensation pursuant to the FLSA,

17  29 U.S.C. §§ 201, 206, 207, *et seq.,* conditional and final certification of a Collective Action, and

18  for interest on any compensatory damages, and attorneys' fees, interest, and costs of suit pursuant

19  to 29 U.S.C. § 216(b);

20       15.     For all general, special, and incidental damages as may be proven;

21       16.     For punitive damages, subject to proof;

22       17.     For an award of pre-judgment and post-judgment interest;

23       18.     For an award providing for the payment of the costs of this suit;

24       19.     For an award of attorneys' fees; and

25       20.     For such other and further relief as this Court may deem proper and just.

26  ///

27  ///

28  ///

1   DATED:  January 19, 2018                    DAVID YEREMIAN & ASSOCIATES, INC.

2

3                                               By  /s/ Alvin B. Lindsay
4                                                   David Yeremian
                                                    Alvin B. Lindsay
5                                                   Attorneys for Plaintiffs
                                                    CHRISTOPHER WARD and
6                                                   LINDA QUINTEROS
                                                    and the putative class
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2       Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

3

4   DATED:  January 19, 2018                    DAVID YEREMIAN & ASSOCIATES, INC.

5

6                                              By  /s/ Alvin B. Lindsay
7                                                 David Yeremian
                                                  Alvin B. Lindsay
8                                                 Attorneys for Plaintiffs
                                                  CHRISTOPHER WARD and
9                                                 LINDA QUINTEROS
                                                  and the putative class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT