1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER WARD and LINDA QUINTEROS, on behalf of themselves and others similarly situated, | **Case No.: 1:17-cv-01300-DAD-MJS** |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **STIPULATED FEDERAL RULE OF EVIDENCE 502(d) ORDER** |
| GOLDEN STATE FC, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive, | |
| Defendants. | Complaint Filed: August 1, 2017<br>Removed: September 28, 2017<br>First Amended Complaint: January 19, 2018 |

1         Plaintiffs CHRISTOPHER WARD and LINDA QUINTEROS ("Plaintiffs") on behalf of

2    themselves and all other similarly situated employees of Defendant GOLDEN STATE FC, LLC

3    ("Defendant") (collectively, "the Parties"), and Defendant, by and through their respective

4    undersigned counsel of record, in order to allow the Parties to respond to discovery expeditiously

5    while limiting discovery costs, hereby stipulate for an order pursuant to Federal Rule of Evidence

6    502(d) that states:

7         Pursuant to Federal Rule of Evidence 502(d), neither the attorney-client privilege nor the

8    work product protection is waived by disclosure of such information in this litigation.  The

9    production of privileged or work product protected documents, whether in electronically stored

10   information or other materials, is not a waiver of the privilege or protection in this case or in any

11   other federal or state proceeding.  If any privileged or work product protected documents are

12   produced, the party receiving produced documents ("Receiving Party") shall, at the request of the

13   party producing those documents ("Producing Party"), promptly return such documents (and all

14   copies thereof), including all later created excerpts, summaries, compilations, and other documents

15   or records that include, communicate, or reveal the information claimed to be privileged or

16   protected.  A Receiving Party who receives a document that it knows or reasonably should know

17   is privileged shall notify the Producing Party within 3 business days of discovery of the

18   document.

19        Nothing in this Order overrides any attorney's ethical responsibilities to refrain from

20   examining or disclosing materials that the attorney knows or reasonably should know to be

21   privileged and to inform the Producing Party that such materials have been produced.

22        Nothing in this Order is intended to or shall serve to limit a party's right to conduct a

23   review of documents, ESI or information (including metadata) for relevance, responsiveness

24   and/or segregation of privileged and/or protected information before production.

25        The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of

26   protected information under this Order.

27        This Order shall be interpreted to provide the maximum protection allowed by Federal

28   Rule of Evidence 502(d).

The obligations imposed by this Rule 502(d) Order shall survive the termination of this action.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 7, 2018    DAVID YEREMIAN & ASSOCIATES, INC.


           By  _/s/ Alvin B. Lindsay_____
             David Yeremian
             Alvin B. Lindsay
             Attorneys for Plaintiffs
             CHRISTOPHER WARD and
             LINDA QUINTEROS and the putative class

DATED: March 7, 2018    MORGAN, LEWIS & BOCKIUS, LLP


           By  _/s/ Joel M. Purles_____
             Barbara J. Miller
             Roberta H. Kuehne
             Joel M. Purles
             Attorneys for Defendant GOLDEN STATE FC, LLC



   I attest that Alvin B. Lindsay has concurred in the filing of this document.

Dated: March 7, 2018        _/s/ Joel M. Purles_____
                Joel M. Purles


**PURSUANT TO STIPULATION,**

IT IS SO ORDERED.

  Dated:  __March 8, 2018__    ___/s/ _Michael J. Seng___
               UNITED STATES MAGISTRATE JUDGE